# EXHIBIT A - COMPLAINT

22SMCV00233
Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: H. Ford III

Electronically FILED by Superior Court of California, County of Los Angeles on 02/18/2022 11:57 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Young II, Deputy Clerk

LAW FIRM OF GEORGE MURPHY
GEORGE E MURPHY, ESQ. SBN 153875
5966 Ruthwood Drive
Calabasas, California 91302
TELEPHONE : 323-363-3711
EMAIL:Gemstoylawfirm@gmail.com

Attorney for Plaintiff, Maha ElRegragui Moqaddem

**Superior Court of the State of California**
**For the County of Los Angeles**

| | |
|---|---|
| MAHA ELREGRAGUI MOQADDEM<br><br>Plaintiff.<br><br>ALBERT GREGORY PINTO and DOES 1-100<br><br>Defendant. | Case No.: 22SMCV00233<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>1. DEFAMATION , SANDER (CIVIL CODE §46)<br>2. FILING OF FALSE POLICE REPORT<br>3. FRAUD<br>4. ASSAULT<br>5. BATTEY<br>6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>7. CONVERSION<br>8. VIOLATION OF PENAL CODE SECTION 496(a)<br>9. UNJUNCTIVE RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Maha ElRegragui Moqaddem " Moqaddem" hereby alleges the following, on information and belief, against Defendant Albert Gregory Pinto ("Pinto")

## THE PARTIES

1. At all times relevant hereto, Plaintiff MAHA ELREGRAGUI MOQADDEM (hereinafter, "Plaintiff") was competent adult over the age of eighteen years. At all times relevant hereto, Plaintiff was resident of the State of California, County of Los Angeles.

2. Plaintiff is informed and believes and thereon alleges that Defendant ALBERT GREGORY PINTO.(hereinafter, "PINTO") is an individual that was residing in Santa Monica, California and has a license State Bar Number with the State of California State Bar Number # 270955

3. Plaintiff is informed and believes and thereon alleges that Defendant ALBERT GREGORY PINTO (hereinafter, "PINTO") was at all times relevant hereto a competent adult over the age of eighteen years who had a history of documented eye surgeries as of age 15 years who was known to be blinded from left eye for over 40 years and prior meeting and approaching Plaintiff.

4. The true names of defendants DOES 1 through 100, inclusive, are unknown to plaintiff at time. Plaintiff sues those defendants by such fictitious names pursuant to section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter in this action pursuant to Article VI. Section 10 of the California Constitution, because this case is not given by statute to other.

6. In addition, the amount in controversy exceeds the minimum for unlimited civil jurisdiction of this Court .

7. This Court has jurisdiction over "Pinto" because, in information and belief, he resided in this State and County of Los Angeles and unlawful conduct toward Ms. Moqaddem predominantly occurred and caused harm in this State.

8. Venue properly lies in this County in what Pinto regularly resides in this County and the conduct and events giving rise to the claims described herein occurred in this County. Moreover, Plaintiff in this action resides in this County.

## FACTUAL ALLEGATIONS

9. On or about May of 2021, after years of being lied to and deceived by " Albert Gregory Pinto", Plaintiff realized that Defendant had engaged for years since July of 2018 in fraudulent conduct to make everyone believe he was blinded from his left eye. On May of 2021 Plaintiff became aware that "Albert Gregory" was not going to disclose the truth of his left eye being blinded over 40 years ago.

**10.** In violation of criminal restraining order . Albert Gregory Pinto was visiting Plaintiff in jail secretly and in disregard of criminal Restraining Order. Defendant "Pinto" made Plaintiff believe for years that statements made and reflected in police report of Defendant were made up by police officers falsely accusing honorable police officers for making up these statements in these reports when in fact all these statements and fraudulent allegations were made by Albert Gregory Pinto himself. This was an intentional and malicious conduct by Defendant to control , manipulate and prevent Plaintiff from exposing the truth of her assaults and abuse by "Pinto". Defendant always stated to Plaintiff and her family members ,prior May of 2021 that he will have the criminal case he

formed dismissed to buy more time and manipulate the actions of Plaintiff. Albert Gregory Pinto was at for years stating and prior May of 2021 that he never made those statements reflected on the police report dated July 11,2018 falsely accusing local police and Detectives in Santa Monica.

**11.** On or about August of 2019, Plaintiff became aware for the first time of theft and conversion committed by Albert Gregory Pinto that her Range Rover vehicle was converted without her permission and sold by Defendant. The vehicle was purchased. fully and solely paid by Plaintiff of $110,000 on the first week of April of 2018. Though malice and false hopes. Defendant convinced Plaintiff to add his name to the Range Rover as a retainer deposit for his representation to Plaintiff in for her Divorce proceedings in Case BD451399 and another case. Two weeks after plaintiff had added the named of Defendant to the title of the purchase vehicle. "Pinto" managed to form the first police report where Plaintiff was falsely arrested. One and half months thereafter, and while Pinto was repeatedly assaulting Plaintiff by kicking, chocking, hitting and placing pillows on her face to stop Plaintiff from breathing, managed again through perpetrated scheme and plan to have Plaintiff arrested for the second time on July 11,2018 through forgery, lies to local police and District attorney's office.

**12.** Shortly after Pinto managed to have Plaintiff arrested and placed in jail through manipulation and deceit. Defendant trespassed and committed an act of burglary and vandalism while Plaintiff is in jail and took the Range Rover vehicle without any Court order or permission to go inside the property where Plaintiff resided. Defendant also destroyed evidence stored on Plaintiff's iPhone that was inside her brother's home where she resided and broke the phone and property to prevent this evidence documenting Plaintiff's severe bruises and injuries from repeated assaults by Pinto to be provided to District attorney's office.

13. Pinto, while using his California State Bar number managed to fool Police Detectives,

DA's office and others through total manipulation for years without disclosing the truth of his documented physical abuse and repeated assault against Ms.Moqaddem between April.2018 and July 11.2018. Plaintiff was chocked twice with a pillow pressed against her face preventing Plaintiff from breathing any air that could have caused her to die where Plaintiff could not breath at the hands of Defendant.

14. "Pinto" was very well aware of stored photos of serious assault injuries that were stored on Plaintiff's both I phones and has repeatedly asked Plaintiff to not show these photos to her family members and friends. Defendant stole one phone and never returned it to Plaintiff to this date that has all the evidence of abuse and also trespassed to her place in violation of a criminal restraining order and destroyed evidence. Defendant committed an act of vandalism while Plaintiff was incarcerated instead of Pinto .

15. Plaintiff wanted to end this unhealthy relation where Ms. Moqaddem was repeatedly battered by Pinto who has a documented history of being VERY violent and extremely aggressive . Plaintiff saw and witnessed Defendant to carry 4 different guns where he threatened to commit suicide one time while holding a gun in his mouth at the presence of Plaintiff that terrified Ms.Moqaddem.

16. Defendant , through constant manipulation gave false hopes to Plaintiff be becoming her Divorce attorney in Case BD451399 and again through manipulation and malice convinced Plaintiff to add his name to 110K Automobile Range Rover that Plaintiff paid in full from funds that were earmarked to pay her loans with her investors. This transaction took place on the 1st week of April 2018. At the time Defendant was driving a very old 2 doors Mercedes not worth $1000 and his financial situation was almost broke. Attached hereto as **EXHBIT A** to this complaint is a picture of a similar Automobile that Defendant drove when he met Plaintiff.

17. Shortly after this transaction took place where Plaintiff was manipulated to add Albert Gregory Pinto's name to the new Range Rover, he managed to have Ms. Moqaddem arrested while pretending and stating it was not Defendant who called the police and that he never made those statements to the police report.

18. Shortly after Defendant managed to have Plaintiff arrested through manipulation and deceit, Defendant trespassed and committed an act of burglary and vandalism while Plaintiff is in jail and took The Range Rover vehicle without any Court order or permission to go inside the property

where Plaintiff resided. Defendant also destroyed evidence stored on Plaintiff's iPhone that was inside her brother's home where Plaintiff resided and broke her I phone and private property.

19. In addition, through another scheme and malice, Pinto dragged Plaintiff with him to 2 different personal Ophthalmologist close to Pinto on or about May 2018 making a show he had an issue with his right eye at that time to form Medical reports against Plaintiff indirectly and trough malice. All this took place just two weeks after Pinto's name was added to the Range Rover vehicle.

20. "Pinto" at all times was blind from his left eye way before Plaintiff. On or July 11,2018, he managed again to have Ms. Moqaddem arrested while falsely claiming he got blinded where many individuals that know him from the past are aware of his left eye being blind.

21. After successfully managing to have Plaintiff in Jail Albert Pinto ; as a licensed attorney started going to visit Plaintiff in Jail where he was aware of criminal restraining order. These visits was another way to manipulate plaintiff and make sure Ms. Moqaddem does not show the Court her fresh injuries and severe bruises from his assaults that were stored on 2 Iphone devices of Plaintiff of her bruises and marks on legs from Pinto's assaults are not provided to DA office and police. Pinto stated .in these secret visits to Plaintiff, that Ms. Moqaddem had nothing to worry about by talking to him during his numerous visits to the Jail with false hopes and promises if she did not expose her injuries that the case will be dismissed. Pinto emphasized in these visit to Plaintiff in disregard of Court Restraining Order that she had nothing to worry about and that the case will be dismissed. Plaintiff through constant manipulation tactic, malice and deceit was telling Plaintiff and her family members that he did not file the police report from 07/11/2018 falsely accusing honorable police office at the time for making up these statements. Later Plaintiff, after the loss of her father , finally realized how she has been manipulated all along and deceived by Pinto. During one of these visits Pinto had asked Plaintiff for $50,000 to do a surgery to his left eye. Plaintiff informed Pinto that she did not cause him any damage to start with since many witnesses visited Pinto at UCLA Hospital where Pinto managed for Plaintiff to check him in and his left eye looked totally normal. Plaintiff then suggested to Pinto that she would schedule an appointment with the best ophthalmologist. Pinto agreed to go to his appointment. Plaintiff scheduled an appointment for Pinto with the best Ophthalmologist in Beverly Hills to accurately examine and evaluate his left eye and just 15 minutes before the appointment, Pinto called the Doctor's office and cancelled his appointment to hide and conceal the truth about his left eye.

22. On May of 2021 , for the first time Plaintiff discovered that Pinto had lied to honorable police officers and DA's office fooling Honorable Judges and the Court all along. Albert Gregory Pinto who received his license from the State Bar of California through fraud and deceit concealed from District attorney and police officers and Detectives in the case that he was convicted many times of serious felonies and his background history of documented violence since he was 15 years old of age. Also hid and concealed for years from the police and the DA's office Pinto that he was completely intoxicated the day he checked himself to UCLA Hospital on July 11,2018 at 11:30pm where Defendant started Drinking as of 1 pm constantly and constantly that day until late that evening. Defendant also did lie and conceal from the police and DA's office that he was the one going to visit Plaintiff in Jail in total DISREGARD of Criminal Restraining Order to ask for money and keep Plaintiff from exposing the truth of her assaults and abuse that were on her when she was arrested. Furthermore, Pinto did hide and conceal from the police and DA's office that he was at all times communicating with Plaintiff since 2018 NOT until April of 2021 as he falsely again claims in the police report he filed on May of 2021. Plaintiff is an officer of the Court and is not suppose to violate nor disregards Court Restraining order that he knew about all along that prevented Defendant and Plaintiff from communicating . Pinto did hide and conceal from police and DA's office that he manipulated Plaintiff and convinced her as a licensed attorney that it was ok for her to accept his visits at the jail and communicate with him all along by giving false hopes to her deceased father.

23. Albert Gregory Pinto used his State Bar License license to use and abuse Plaintiff and manipulate her for years. While knowing of the Criminal Restraining Order , Defendant who names himself an attorney and officer of the Court was secretly visiting Plaintiff at the Jail to keep her quiet so she does not expose the truth about him and gave Plaintiff false hopes that her property and jeweler as well as $30,000 cash in one of her suitcases that all her property was stored in a safe

place at a storage facility. To this date has not returned Plaintiff's expensive jewelry and personal property. Defendant has converted over $400,000 or personal property that were never returned to Plaintiff. Only one suitcase was left on the doorsteps by Pinto that only consisted of normal clothing from dry cleaning. three purses and inexpensive things but all the valuable things were kept to this date by Albert Gregory Pinto and stolen by Defendant. "Pinto" managed to have Plaintiff again arrested , while lying to DA and police detectives in the case. that Plaintiff called him on April of 2021 while hiding that he was the one visiting her all along since July of 2018 at all times convincing her it is ok to be talking since he is a licensed attorney .

## FIRST CAUSE OF ACTION

**(Defamation at Common Law and Civ – Code &46- Slander, False allegations)**

**24.** Plaintiff incorporates by reference all proceedings allegations as through fully set forth herein..

25. Plaintiff is informed and believes to have finally discovered as of May of .2021 that in fact it was Albert Gregory Pinto who had personally made these allegation not anyone else. Plaintiff finally discovered she was being lied to for years and manipulated by Defendant who was at all times falsely stating to Plaintiff since July 11 of 2018 that he never made any of these statements to the police and that police report was made up. Those were the statements made by Pinto himself repeatedly to Plaintiff and her family members. Plaintiff discovered that in fact it was Pinto himself who had made each of these false statements falsely stating he got blinded in his left eye by Plaintiff; when many witnesses that knew Pinto from his past and everyone that knows him is aware he was blind from his left eye way before he met Plaintiff.

26. On information and belief. Pinto intentionally communicated these specific statements

about Plaintiff to DA, police officers in the case and others to defame Ms.El Moqaddem.

27. On information and belief, Pinto understood the seriousness of making these defamatory statements and the bad effect it would have on Plaintiff's life but still continued with this unlawful conduct full of deceit. The statement that Pinto was blinded by Plaintiff on his left eye were complete fiction, crafted to seem credible and to cause damage. Notably, Ms. El Moqaddem through investigations and prior records of Pinto started demonstrating the falsity of the statements and Pinto's bad faith in making and causing them to be made. In fact, Pinto admits that the statements attributed to him are false: and denies he was blinded way before he met Plaintiff.

28. Pinto made the above-described statements with actual malice---*i.e.*, with knowledge of their falsity, or, alternatively, with reckless disregard for their falsety.

29. Pinto made these statements without privilege of justification.

30. The above-described statements concerning Ms.El Moqaddem directly injured her by diminishing her reputation and in her professional life to not being able to have a normal life which has interfered with her business that has a natural tendency to lessen her profits and have endangered her life greatly. Furthermore , Pinto engaged in spreading false rumor that Plaintiff deliberately did harm Defendant when the truth is the other way around.

31. The above-described statements convey a defamatory meaning. They harm Plaintiff reputation as to lower it.

32. It was Pinto's expectation and intent that the defamatory statements would injure Ms. El Moqaddem economically and generally.

33. As a result of these false and defamatory statements with actual malice, Plaintiff has suffered and continues to suffer damages including but not limited to loss to reputation and loss of profits.

34. Plaintiff did not discover , that Pinto was not going to disclose the truth about his left eye being blinded to DA and police officers in the case until May of 2021.Pinto had convinced Plaintiff for years that the case will be dismissed if he does not testify misleading Plaintiff through deceit and manipulation. Plaintiff never asked Pinto not testify as it was Defendant's idea and own plan to deceive Plaintiff for years.

35. Pinto also acted with oppression, fraud, or malice as defined by California Civil Code section 3294 and engaged in highly reprehensible and despicable conduct warranting exemplary damages

36. The following defamatory statement for years about, of and concerning Plaintiff : That on July11.2018 and thereafter . Defendant made said statement in person to police officers hiding the true condition of his left eye to the police and District attorney to make sure and ensure Plaintiff is incarcerated and remains in jail so he could take possession of the vehicle Range Rover that Pinto never paid for.

37. At the same time, Defendant was making false statements to Plaintiff and her family members that he never told the police any of that through malice managed to manipulate Plaintiff at the time making her belief he did not make any police report nor make any of these statements to the police and falsly repeated promises to Plaintiff the case will be dismissed and that the best way to have the case dismissed is by not testifying. This was done by Pinto through malice, manipulation and deceit to keep Plaintiff defenseless from timely exposing him and how violent of person Pinto is.

38. For several years ,Defendant was giving false hopes that the criminal case will be dismissed by choosing to not testify. Plaintiff disagreed and stated to Pinto she will say the truth about the blindness of his left eye to DA's office but this never occurred until Plaintiff realized on

May of 2021 that Defendant's intent was to never disclose the truth about his left eye: that it was blinded way before Pinto had met Plaintiff, to DA and police offices and Detectives in the case.

39. For several years "Albert Gregory Pinto" engaged in fraudulent conduct making The DA's office and Court believe he was actually blinded from his left eye by Plaintiff which is not true and completely made up by Defendant. Also repeatedly made allegation was hit with a fist by Plaintiff.

40. It was reasonably understood by those who read or heard the statement that Pinto defamatory statement was about Ms. Moqaddem.

41. "Pinto" defamatory statement was false because he was blinded from his left eye way before he met Ms. El Moqaddem.

42. "Pinto" made the statement knowing it was false or had serious doubts about the truth of the statements.

43. As a result, Plaintiff Ms. El Moqaddem suffered damages in an amount to be proven at trial according to proof, including but not limited to, harm to her reputation, emotional harm, exposure to contempt, ridicule, and shame, and physical treats of violence to her person and life.

44. In making the defamatory statement identified above, "Pinto" acted in malice, oppression, or fraud, and is thus responsible for punitive damages in an amount to be proved at trial according to proof.

## SECOND CAUSE OF ACTION

### Filing of False police report(s)

45. Plaintiff realleges and incorporates by reference paragraph 1 through 44, above, as though fully set forth herein.

46. It was until May of 2021 that Plaintiff had become aware for the first time that Defendant is the one who had actually filed various false police reports and made each of these fraudulent and inaccurate statements in these reports. Prior May of 2021 Defendant used methods of deceits and manipulation falsely stating for years to Plaintiff that "Pinto" had never made any of these statements to the police: that turned out to be lies and fabrications by Defendant to manipulate , confuse and control the actions of Plaintiff.

47. On or about May of 2022. Defendant engaged in another scheme to have Plaintiff arrested by hiding and concealing from authorities that he was the one who was visiting Plaintiff constantly at the Jail facility since July of 2018 in total disregard of the Criminal Restraining Order by making Plaintiff believe he is an attorney and that Plaintiff had nothing to worry about. In this police report of May 2021. "Pinto" states that Plaintiff started calling him as of late April.2021 which is NOT true nor accurate because Defendant was the one talking to Plaintiff all long since 2018 and when Plaintiff informed Pinto that she no longer will be quiet about her repeated abuse , Defendant arranged to have her arrested while hiding crucial facts from the authorities and all his secret visits to the jail for over a year in violation of Code of Conduct of State Bar of California.

48. "Pinto" Continued with his lies , fraud. deceit and fabrications of facts by making Repeatedly same statements without Plaintiff's knowledge that he got blinded from his left eye from July 11.2018 when in fact Defendant was blinded from his left eye way before he met Plaintiff and there are many witnesses and records to that affect. Defendant constantly lied to police officers and Detectives. District attorney's office and the Court.

49. "Pinto" did hide from the DA and police Detective that he was completely wasted and drunk on July 11.2018 and that he had consumed over 8 (Eight) beverages of strong alcohol.

50. Defendant kept making false allegations for years that he was hit with a fist or hand

by Plaintiff when in fact had defrauded and exaggerated what happened to harm Plaintiff intentionally and deliberately.

51. Defendant never once disclosed to police officer or District attorney that he had battered and assaulted Plaintiff repeatedly nor has shown any of the pictures of serious injuries of Plaintiff that were stored on an I phone that he stole from Plaintiff and the second I phone of Plaintiff that he trespassed to destroy. These are just few examples of cover up and multiple lies and fabrications by " Pinto" stated by him in the police report.

52. Furthermore, for years Defendant was falsely accusing honest police officers for fabricating the police report falsely accusing honorable police and Detectives doing their job that Pinto has manipulated and lied to constantly.

53. Defendant intended to cause and did cause plaintiff to suffer severe damages from filing of false police reports especially about blindness of his eye when in fact "Pinto" could not see anything with left eye way before he had met Plaintiff

54. As a direct and proximate result of the intentional and calculated fraudulent actions of Defendant as alleged herein. Plaintiff has suffered major financial losses. extreme and severe emotional distress as well as other damages in an amount not as yet ascertained. but which exceed the jurisdictional minimum of the Court and will be proven at time of trial.

55. Defendant did the actions previously alleged with malice. perpetrated and calculated plan and with the intent to oppress Plaintiff and cause her to suffer serious harm. In that in that Defendant harbored ill-will toward Plaintiff. Plaintiff is thus entitled to exemplary and punitive damages in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

**(Fraud as against Defendant Albert Gregory Pinto )**

56. Plaintiff realleges the allegations contained in paragraphs 1 through 55 inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

57. For several years , in the City of Los Angeles , County of Los Angeles , State of California, Defendant "Pinto" , who at that time posed to be a licensed attorney with the State Bar Defrauded Plaintiff and did not once inform her that his State Bar License was not legitimately obtained and started becoming an attorney of records in Plaintiff's Divorce Case Proceedings. It was until late of January of 2022 that Plaintiff became aware of the background of Defendant; who has a history of various arrests and a history of being very violent. Defendant made a verbal representation to Plaintiff that by adding his name to a Range Rover vehicle that he would be doing work in her Divorce case and another case all by using his State Bar license to Defraud Plaintiff . Exactly two weeks after Plaintiff had added Pinto's name to to the title of the new purchased Range Rover automobile , "Pinto" managed to have Plaintiff arrested, then one and half months thereafter managed to again have her arrested with a hidden scheme to steal the Range Rover automobile. Shortly after placing Plaintiff in jail with no bail by actions of Defendant . "Pinto" trespassed and committed burglary by destroying evidence of Plaintiff , destroying private property and took the Car without any Court order or permission from Plaintiff or anyone else to go inside Plaintiff's residence and property who has solely paid for this automobile. The only reason Plaintiff had added the name of Pinto to the Range Rover vehicle was because Pinto had promised her to do work as a licensed attorney. The verbal representation was in fact false, but that fact was not known at the time to Plaintiff. After stealing the title of the car and vehicle from private property of Plaintiff without any

court order nor permission to do so . " Pinto" removed Plaintiff's name from the title of the Range Rover Automobile and sold the car without the knowledge and consent of Plaintiff while she was in jail facility and totally unaware of being defrauded.

58. Based on the verbal representation made to her by Defendant" Pinto" . Plaintiff wired the funds of the car from her Bank account that were due to be paid to private lenders and investors and she then purchased the Range Rover adding Pinto's name based on false verbal promises and lies while using a State Bar License in California.

59. The true facts were that Defendant "Pinto" intended to steal the car as well as $300,000 worth of jewelry and belongings that he has failed to return to Plaintiff to this date . On or about first week of July Plaintiff realized that Pinto was a broke attorney with no cases and started making plans to terminate her relationship with Defendant so that she would take possession of her car and belongings. Before that could happen Pinto managed to have Plaintiff arrested from false police reports while defrauding Plaintiff by making her believe he never filed these police reports . It was until May of 2021 that Plaintiff finally discovered the hard truth that it was Pinto who actually made up all these police reports and false statements and fabrications. Furthermore. "Pinto" defrauded Plaintiff by making false and inaccurate allegations that his left eye was blinded when in fact Pinto was blinded from his left eye way before he had met Plaintiff and never once for many years did "Pinto" inform DA's office or police officers in the case of his lies. Furthermore lied to the police was hit with the fist when it was discovered recently as of late January of 2022 that the mechanism of injury by Pinto in the police report does not correlate with the pathology specimen examination reported.. Plaintiff alleges and is very suspicious that Defendant may have either exaggerated what happened or falsely placed the blame on her or faked his injury to be hospitalized to make and form a case against Ms. Moqaddem defrauding her and severely damaging her life by

these false allegations. Pinto always had the tendency to jump at and attack Plaintiff who does not remember ever touching the eyes of Pinto.

60. The full extent of the fraud perpetrated upon Plaintiff by Defendant Pinto was not discovered until on or about late January of 2022 when Defendant Pinto for many years refused to state the truth to the authorities and refused to return over $400,000 worth of jewlery and property of plaintiff back.

61. Plaintiff is informed and believes that at the time that Defendant Pinto made the representations alleged herein, that she knew they were false, and only made the representations to deceive and defraud Plaintiff by convincing Plaintiff to add his name of the Car and that she wires the entire amount and that this would cause Plaintiff to suffer injury.

62. At the time that Plaintiff wired the funds from funds earmarked to pay back investors to purchase the car was ignorant of the falsity of the representation made by Defendant "Pinto". Plaintiff could not, in the reasonable exercise of diligence, have discovered the falsity of said representation. Plaintiff had no reason to doubt the statements of Defendant since he used a false State Bar license to manipulate Plaintiff as he asked her afterwards shortly to become his girlfriend and wife at the time and she believed his statements to be true and accurate.

63. As a direct and proximate result of the actions of Defendant "Pinto" and DOES 1 through 100, inclusive, as alleged herein, Plaintiff has been damaged, in an amount not as yet ascertained but said damages exceed the jurisdictional minimum of this Court, and which sum will be proven at time of trial.

64. In doing the acts complained of herein, Defendant Pinto acted oppressively, maliciously, with a conscious disregard of the rights of others, and with the express intent to defraud, harass, and annoy Plaintiff. Defendant Pinto and DOES 1 through 100, inclusive, purposely and

maliciously set out to and did deprive Plaintiff and caused her to suffer major losses . Plaintiff is thus entitled to an award of punitive and exemplary damages according to proof at time of trial.

**FOURTH CAUSE OF ACTION**

**(Assault as against Defendant Albert Gregory Pinto )**

Plaintiff realleges and incorporates by reference paragraph 1 to 64, above , as through fully set forth herein.

65. As a result of manipulation, deceit and filing of false police report by Defendant on or about July 11,2018, Plaintiff was incarcerated for one and half years while unaware at that time that Defendant was the one who actually had planned her arrest. "Pinto" had made Plaintiff believe for years that it was not him who had filed the police reported denying he ever made any of these statements reflected on the police report falsely accusing honorable police officers .

66. Defendant did hide and conceal from Plaintiff his convictions and background documented violent behavior who through malice and deceit postured himself to be a licensed attorney.

67. Through malice and manipulation, Defendant engaged in a scheme to cover up his acts while pretending he was not testifying. That made Plaintiff and her family believe the lies and fabrications of Defendant that he never made these statements reflected on the police report since he refused on his own to testify for many years to confuse Plaintiff and everyone involved. This conduct by Defendant was intentional to delay and prevent Plaintiff from reporting her injuries and assaults at the hands of Albert Gregory Pinto who repeatedly asked Plaintiff NOT to show pictures and video on her phone to her friends and family evidencing severe bruises and injuries on Plaintiff's legs and arms. Plaintiff had every intend to testify to his false statements and fabrications if

Defendant would not have given false promises and hope to Plaintiff but concealed that from Plaintiff from years to unable and delay Ms.El Moqaddem from preparing her defense and her evidence against Pinto with indisputable records and facts.

68. Through this behavior and malicious conduct Defendant convinced Plaintiff to cover up the truth and stay quiet for years of her serious repeated assaults and injuries so "Pinto" does not get arrested instead. Through false hopes and deceit .Defendant was successful in keeping Plaintiff quiet about the truth of her repeated physical abuse and violence at the hands of "Albert Gregory Pinto"

69. During 2 (two) occasions Defendant was attacked by Pinto at a hotel room and at a house that Pinto had rented for the month of June ,2018 where Defendant had placed a pillow on Plaintiff's face stopping her from leaving and from breathing until she almost died and fainted.

70. As a result of the lies, constant manipulation and made up lies by " Pinto". Plaintiff was incarcerated not knowing it was actually " Pinto" who was behind her arrest until she finally realized the truth on May of 2021.

71. Defendant intended to cause and did cause plaintiff to suffer apprehension of an immediate harmful contact.

72. As a direct and proximate result of the actions of defendant as alleged herein, plaintiff has suffered extreme and severe emotional distress in that she was the one who was repeatedly assaulted and attacked by Defendant who has a history of Violence and arrests . as well as other damages in an amount not as yet ascertained, but which exceed the jurisdictional minimum of this Court and will be proven at time of trial.

73. Defendant did the actions previously alleged with malice and with the intent to

oppress plaintiff and cause them to suffer injury, in that in that defendant harbored ill-will toward plaintiff. Plaintiff is thus entitled to exemplary and punitive damages in an amount according to proof at trial.

**FIFTH CAUSE OF ACTION**

**(Battery as against Defendant Albert Gregory Pinto )**

74. Plaintiff realleges and incorporates by reference paragraphs 1 through 73, above, as though fully set forth herein.

75. Plaintiff did not consent to defendant's actions as herein alleged.

76. As a direct and proximate result of defendant's conduct, plaintiff suffered at the hand of "Pinto" numerous physical injuries including documented bruises and marks in her body from serious injured caused repeatedly by Defendant who trespassed to Plaintiff's property at her brother's residence to destroy her iPhone that had documented pictures o these injuries as well a second I phone of Plaintiff that " Pinto" stole and canceled from the Police and Detectives in the criminal case to this date. Plaintiff has also suffered extreme mental anguish and severe emotional distress, as well as physical pain and suffering.

77. As a further direct and proximate result of defendant's conduct, plaintiff has been, and continues to be, unable to have a normal life as described in this complaint and has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment to this complaint when it has been ascertained

78. Defendant's actions were done knowingly, willfully, and with malicious intent, and plaintiff is thus entitled to exemplary and punitive damages in an amount according to proof at trial.

**SIXTH CAUSE OF ACTION**

**(Intentional infliction of emotional distress as against Defendant Albert Gregory Pinto)**

79. Plaintiff realleges and incorporates by reference paragraphs 1 through 69, above, as though fully set forth herein.

80. As a direct and proximate result of the actions of defendant as alleged herein, plaintiff has suffered extreme emotional distress, including but not limited to, severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body in an amount not as yet ascertained, but will be proven at time of trial.

81. Defendant knew that their aforementioned conduct would cause plaintiff to suffer extreme emotional distress, yet they proceeded with said conduct with full knowledge and forethought of what the consequences of their actions would be and acted with reckless disregard for the probability that plaintiff would suffer extreme emotional distress. Their conduct was intended to, and did in fact cause plaintiff to suffer extreme emotional distress, further it was a very substantial factor in causing the severe emotional distress suffered, and still being currently suffered by plaintiff. Said conduct was willful, malicious, oppressive, despicable, and with conscious disregard of Plaintiff's rights, and with the intent to vex, annoy, harass, and injure Plaintiff. Therefore, plaintiff is entitled to recover exemplary and punitive damages in an amount according to proof at the time of trial.

82. As a direct and proximate result of defendant's conduct, plaintiff suffered major losses, numerous injuries extreme mental anguish and severe emotional distress, as well as physical pain and suffering.

83. As a direct and proximate result of defendant's conduct, plaintiff was required to obtain medical services and treatment in an amount according to proof at time of trial, and will, in the

future, be compelled to incur additional obligations for medical treatment in an amount according to proof at time of trial.

68. As a further and proximate result of the nuisance created by the defendants, plaintiff's past and present earning through investment capacity has been impaired as plaintiff has been, and continues to be, unable to have a normal life in the events described in this complaint and has suffered major financial loss as well as a loss of earnings in an amount which has not yet been determined, but which will be added by amendment to this complaint when it has been ascertained.

69. As a direct and proximate result of the actions of defendants as alleged herein, plaintiff has suffered extreme emotional distress, including but not limited to, severe humiliation, mental anguish, and severe emotional distress, and has been injured in mind and body in an amount not as yet ascertained, but will be proven at time of trial.

70. Again through malice, deceit and manipulation, Defendant managed to again have Plaintiff arresting while lying to DA's office and hiding that he was the once coming to visit Plaintiff at the Jail when he knew there was a Criminal Restraining order.

71. Defendant did hide and conceal from DA's office that he was talking to Plaintiff constantly way before May of 2019 to hide from the Court that he was the mastermind in this scheme to manipulate and control Plaintiff and her actions for many years to cover up for "Pinto" and his documented crimes since 2018. Plaintiff did not inform Defendant she was bailing out and stopped all together from comminating with him when she came out of jail but When Defendant saw Plaintiff in Court on or about early 2020, Defendant again manipulated Plaintiff's father in Morocco at the time to convince her parent to be able to talk to her while giving false hopes and lying to Plaintiff and her deceases father. It was " Pinto" who insisted in talking to Plaintiff by making her believe it was ok and that the case will be dismissed .

72. Defendants knew that their aforementioned conduct would cause plaintiff to suffer extreme emotional distress, yet they proceeded with said conduct with full knowledge and forethought of what the consequences of "Pinto" actions would be and acted with reckless disregard for the probability that plaintiff would suffer extreme emotional distress. Their conduct was intended to, and did in fact cause plaintiff to suffer extreme emotional distress. further it was a very substantial factor in causing the severe emotional distress suffered, and still being currently suffered by plaintiff. Said conduct was willful, malicious, oppressive, despicable, and with conscious disregard of Plaintiff's rights, and with the intent to vex, annoy, harass, and injure Plaintiff. Therefore, plaintiff is entitled to recover exemplary and punitive damages in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

**(Conversion )**

73. Plaintiff realleges the allegations contained in paragraphs 1 through 72 inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

74. Within the last two years on or about February 24, 2020, at Los Angeles , California, Defendant made a promise to Plaintiff's father to return all the rest of jewelry and belongings of Plaintiff that "Pinto" claimed were stored in very safe area and storage that was located over four hours drive away from where he was located. This was a tactic to defraud Plaintiff from her property to delay time by constantly giving excuses and false promises. Defendant became indebted to Plaintiff in the sum of over $400,000 for money converted and property diverted of Plaintiff . Plaintiff had stored all her most expensive valuables, jewelry in 4 large suitcases of which one

suitcase had a lock and $30,000 cash inside the suitcase that Plaintiff had taken with her with her to the rented house by Pinto on June of 2018. Defendant stole and converted over $400,000 of Plaintiff's property for the use and benefit of Defendant without the knowledge, permission or consent of Plaintiff.

75. Neither the whole nor part of this sum has been paid although demand therefore has been made, and there is now due, owing, and unpaid the sum of $400,000 with interest thereon at the rate of ten percent (10%) percent per annum from December 1, 2019 to this date.

76. Plaintiff is informed and believes, and based thereon alleges, that, on or about an unknown date to Plaintiff, Pinto stole the title of the Range Rover when he trespassed to her home and thereafter deleted out Plaintiff's name from title of the Range Rover that was solely paid in full by Plaintiff Not Defendant. The Range Rover was never gifted to Defendant . Pinto had convinced Plaintiff to add his name to the car based on false and empty promises to become her attorney and help her in Divorce case proceedings and another case. Based on his verbal promise to help with certain Court proceedings at the time Albert Gregory Pinto's name was added to the title of the Car . The funds that were paid by Plaintiff to purchase the Car were for private investors and lenders that to this date have not been paid for their loans because P into diverted and converted this asset without Plaintiff's knowledge or consent taking advantage of the fact she was placed in jail due to his false and fraudulent allegations.

77. On or about January of 2020 and again on January of 2021 , Plaintiff discovered that Defendant Pinto was going around showing her property to individuals to sell her property Jewelry and Channel purses all without the consent and knowledge of Plaintiff who was in Jail because of the fraudulent accusations of Pinto.

and Channel purses all without the consent and knowledge of Plaintiff who was in Jail because of the fraudulent accusations of Pinto.

78. Defendant has thus converted, misappropriated, the sum of over $110,000 that was provide to Defendant by Plaintiff for the Range Rover .

79. Defendant has converted and wrongfully misappropriated over the sum of $300,000 worth of property and jewelry and have refused the demands of Plaintiff that they return the funds to him forthwith.

80. As a proximate result of the conversion by Defendant Pinto Plaintiff has been deprived of the use of the sum of over $400,000 before it was converted by Defendant Pinto ,and which sum is believed to still be in the possession of Defendant . In committing the acts alleged herein, Defendant has acted willfully, fraudulently, maliciously, oppressively, despicably, and with conscious disregard of the rights of Plaintiff, and with the express intention to vex, annoy, harass, and injure Plaintiff. Plaintiff is thus entitled to recover from Defendant all stolen property with damages, punitive and/or exemplary damages in an amount according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION

## (Violation of Penal Code section 496(a)as against all Defendants)

81. Plaintiff realleges the allegations contained in paragraphs 1 through 80 inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

82. *Penal Code* section 484(a) states in pertinent part that "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and

wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft." (Emphasis added.)

83. *Penal Code section* 496(a) provides that "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year." (Emphasis added.)

84. *Penal Code* section 496(c) provides that "[a]ny person who has been injured by a violation of subdivision (a) . . . may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

85. With full knowledge that the funds invested in the Range Rover automobile was the property of Plaintiff, Defendant Pinto knowingly and designedly, by false and fraudulent representations and pretenses intended to, and did in fact, defraud Plaintiff of money, namely the sum of over $300,000 of personal property and jewelry plus interest in that Plaintiff wired the funds to purchase the Range Rover automobile based on false and fabricated promises by Pinto while using his State Bar license Number to defraud Plaintiff. It was until or about August of 2019 that Plaintiff became aware for the first time that her automobile Range Rover was converted and sold by Albert Gregory Pinto while removing Plaintiff name from title while incarcerated and without her knowledge.

86. Defendant Pinto is thus responsible for stealing the sum of over $400,000 from Plaintiff and continue to refuse to act in any manner that would assist Plaintiff to recover those funds

with full knowledge that those funds were stolen from Plaintiff as a direct and proximate result of their false and fraudulent representations as alleged herein. These actions by Defendant Pinto and constituted a knowing and willful violation of subdivision (a) of *Penal Code* section 496(a).

87. Additionally, as a result of the acts of Defendant Pinto , Plaintiff was forced to retain the services of legal counsel and has incurred legal fees and costs.

88. Pursuant to *Penal Code* section 496(c), Plaintiff brings this action and seeks three times the amount of actual damages and all reasonable attorney fees.

## DEMAND FOR JURY TRIAL

Plaintiff Maha Elregragui Moqaddem demands a Jury Trial on all causes of actions and claims.

Dated: February 16,2022

By: [signature]

GEORGE F. MURPHY, ESQ

Attorney for Plaintiff Maha Elregragui Moqaddem

## PRAYERS FOR RELEIF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows

A. Damages, including general, compensatory and special damages, in an amount to be determined at trial;

B. For exemplary and Punitive damages to be proven at trial.

C. Restitutionary disgorgement;

D. An order enjoining Pinto from engaging in further retaliatory conduct toward Ms. Moqaddem

E. An injunction requiring Pinto to cease in engaging in fraudulent and unfair conduct or breaking in to Plaintiff's place of residence

F. For interest on all sums awarded at the maximum allowable rate;

G. Costs to the extent provided for by law, including attorney's fees and costs for Lawsuit as provided by statue; and

H. An order awarding Ms. Moqaddem such other and further relief as the Court deems just and proper.

DATED : February 16,2022

GEORGE E MURPHY, ESQ

Attorney for Plaintiff Maha Elregragui Moqaddem

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _

I, Maha Elregragui Moqaddem (Alias Maha Visconti), declare that:

I am the Plaintiff in this action. I am over the age of 18 years.

I have read the foregoing **VERIFIED COMPLAINT DEFAMATION , SANDER (CIVIL CODE §46),FILING OF FALSE POLICE REPORT , FRAUD ,ASSAULT ,BATTEY ,NTENTIONAL INFLICTION OF EMOTIONAL DISTRESS , CONVERSION AND VIOLATION OF PENAL CODE SECTION 496(a)**,and know the contents thereof. I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 16th of February , 2022 at Los Angeles , California.

Maha El Regragui Moqaddem

# EXHIBIT "A"



# EXHIBIT B




iPhone