UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1808-DMG (JEMx)** | | Date | March 24, 2022 |
|---|---|---|---|---|

| Title | *Maha Elregragui Moqaddem v. Albert Gregory Pinto* | | Page | 1 of 1 |
|---|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO THE LOS ANGELES COUNTY SUPERIOR COURT**

On March 18, 2022, Defendant Gregory Albert Pinto removed this action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.  Notice of Removal ("NOR") [Doc. # 1].

Although the underlying Complaint alleges Pinto "is an individual that was residing in Santa Monica, California," Compl. ¶ 2 [Doc. # 1-1], Pinto asserts in his NOR that he is "a citizen of the State of Texas," NOR ¶ 4.  Pinto asserts in his NOR that Plaintiff Maha El Regragui Moqaddem "successfully served Defendant at his home in Texas," yet does not actually state the factual basis for his assertion that he is a citizen of Texas (*i.e.*, that he lives in Texas and intends to remain there).  *See* NOR at ¶ 5.  In fact, Pinto states that "[a] person residing in a given state is not necessarily domiciled there nor necessarily a citizen of that state," which seems to indicate that Pinto's state of residence and state of citizenship are different.  *See id*. at ¶ 6.  On March 20, 2022, Moqaddem's counsel filed an "Urgent Declaration" in which he asserts Pinto has previously "misstated" that he resided in Nevada when he in fact lived in California.  *See* Decl. at 2 [Doc. # 6].[1]

Because Pinto has not established that removal was proper, Pinto is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction.  Pinto shall file a response by no later than April 5, 2022.  Failure to timely file a satisfactory response by this deadline will result in the remand of this action to state court.

**IT IS SO ORDERED.**

---

[1] The "Declaration" is not signed under penalty of perjury.  The Declaration also asserts that Moqaddem has not consented to removal, yet a plaintiff's consent is not required.  *See* 28 U.S.C. § 1441(a).