UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1808-DMG (JEMx) | Date | April 27, 2022 |
| Title | *Maha Elregragui Moqaddem v. Albert Gregory Pinto* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER DISCHARGING ORDER TO SHOW CAUSE [11], DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND [31], AND GRANTING DEFENDANT'S MOTION TO DISMISS [12]**

Plaintiff Maha Elregragui Moqaddem filed this action on February 18, 2022, in Los Angeles County Superior Court, asserting claims against Defendant Gregory Albert Pinto for (1) defamation, (2) filing of false police reports, (3) fraud, (4) assault, (5) battery, (6) intentional infliction of emotional distress, (7) conversion, and (8) violation of California Penal Code section 496(a).  Compl. [Doc. # 1-1].  Among other claims, Plaintiff asserts a claim for conversion of $400,000 worth of personal property, including a vehicle.  *See id*. at ¶ 74.

On March 18, 2022, Defendant timely removed this action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.  Notice of Removal ("NOR") [Doc. # 1].  On March 24, 2022, the Court issued an Order to Show Cause ("OSC") why this case should not be remanded for lack of subject matter jurisdiction, because Plaintiff's Complaint alleges both Plaintiff and Defendant reside in California.  [Doc. # 11.]

On April 4, 2022, Defendant filed a timely response to the Court's OSC.  [Doc. ## 17, 18.]  In a declaration, Defendant states that he is a citizen of the United States, he moved from California to Nevada in 2020, he no longer has any meaningful ties to California, he holds a Nevada driver's license, and he now resides in Texas.  *See* Pinto Decl. ¶¶ 5, 10-15 [Doc. # 18].  Defendant's declaration evidences an intent to remain in Texas.  *See id*. at ¶¶ 15 (describing attempt to obtain a Texas driver's license), 16 (stating vehicle is registered in Texas), 17 (stating he has applied to change his voter registration to Texas), 24 (stating he owns a home in Texas and lives there with his adult son), 31 (stating the only real property he owns is in Texas), 33 (stating all animals he owns—two dogs and three steers—are in Texas).  Plaintiff served the summons on Defendant at an address in Brownwood, Texas.  *See id*., Ex. A [Doc. # 18-1].  Based on the current evidentiary record, Defendant has demonstrated that he is a resident of Texas.  *Cf. Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986) (holding a defendant's place of domicile

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1808-DMG (JEMx) | Date | April 27, 2022 |
| Title | *Maha Elregragui Moqaddem v. Albert Gregory Pinto* | Page | 2 of 3 |

had not changed from California to Hong Kong because the defendant traveled frequently outside Hong Kong, was not accompanied by his wife or his family in his move, lived in a hotel rather than renting an apartment, returned to California for holidays, and renewed his California driver's license).

On April 18, 2022, Plaintiff filed a Motion to Remand ("MTR"). [Doc. # 31.] Plaintiff moves for remand on the grounds that (1) her Complaint does not raise a federal question, (2) anticipated federal defenses cannot support removal, (3) Defendant has committed perjury in statements to other courts, and therefore his declaration cannot form the basis for removal, (4) Defendant previously filed an action against Plaintiff in state court, and (5) Defendant is a member of the State Bar of California, not Texas or Nevada. *Id*. at 1-2. In her MTR, Plaintiff argues that all damages alleged were suffered in California and that Defendant is licensed to practice law in California. *Id*. at 2-3.

Before filing her MTR, Plaintiff also filed a number of declarations and requests for judicial notice of documents. In those filings, Plaintiff argues this case was improperly removed, primarily on the basis that Defendant has been pursuing an action against Plaintiff based on similar events in California state court since the summer of 2021. [*See* Doc. ## 15, 19-27.] Plaintiff's potentially relevant filings include (a) filings showing that Defendant filed a case in Los Angeles County Superior Court against Plaintiff in July 2021, retained a California attorney to represent him, and has been prosecuting that case in state court, (b) filings made by Defendant in another case in 2017 showing that he lived in Nevada, which may be inconsistent with a statement made in a different court filing suggesting he lived with Plaintiff in California at the time, (c) a printout from the California Bar website showing that Defendant is a member of the California Bar, (d) a printout of a LinkedIn profile purportedly showing Defendant is employed by a California company, and (e) documents purporting to show inconsistencies unrelated to Defendant's state of citizenship in statements made by Defendant in the ongoing state court case.[1]

The fact that Defendant has chosen to sue Plaintiff in state court has no bearing on the propriety of removal of Plaintiff's case to this Court. None of Plaintiff's filings cast doubt on Defendant's assertion that he lives in Texas now. Plaintiff's requests for judicial notice are

---

[1] Plaintiff has also filed a number of documents that appear entirely unrelated to this Court's subject matter jurisdiction: for example, a photograph of Defendant's car, which Plaintiff attaches to show that Defendant has never had a large income; an agreement establishing an attorney-client relationship between Plaintiff and Defendant, which Plaintiff attaches to show she was Defendant's client and not his wife; documents regarding a tax refund to Plaintiff; and a purchase agreement for a Range Rover, which Plaintiff claims belongs to her and is one of the bases for her conversion claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1808-DMG (JEMx) | Date | April 27, 2022 |
| Title | *Maha Elregragui Moqaddem v. Albert Gregory Pinto* | Page | 3 of 3 |

therefore **DENIED**. Because the Court is satisfied of its subject matter jurisdiction, the Court's OSC regarding subject matter jurisdiction is **DISCHARGED**. Plaintiff's MTR is **DENIED as moot**. The May 20, 2022 hearing on the MTR is **VACATED**.

Further, on March 24, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("MTD"), set for hearing on April 29, 2022. [Doc. # 12.] Plaintiff's Opposition was due no later than April 8, 2022. *See* C.D. Cal. L.R. 7-9 (opposition papers due at least 21 days before the date of the motion hearing). Plaintiff filed an untimely opposition on April 18, 2022, but the Court ordered Plaintiff's opposition stricken for failure to comply with the Federal Rule of Civil Procedure 11(a).[2] [Doc. # 35.] The MTD is thus unopposed.

The MTD is therefore **GRANTED, with leave to amend**. *See Oakley, Inc. v. Nike, Inc.*, 988 F. Supp. 2d 1130, 1139 (C.D. Cal. 2013) (citing L.R. 7-12) ("[T]he Local Rules permit the Court [to] deem failure to oppose as consent to the granting of the motion."). Plaintiff shall file an amended complaint by no later than **May 19, 2022**. The May 20, 2022 hearing on the MTD is **VACATED**.

**IT IS SO ORDERED.**

---

[2] In its April 21, 2022 Order, the Court reminded Plaintiff's counsel that he must sign all pleadings filed in this case in compliance with Federal Rule of Civil Procedure 11. [Doc. # 34 at n.1] **Any further violations of Rule 11 may result in the imposition of sanctions.**