UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1808-DMG (JEMx)** | Date | January 19, 2023 |
|---|---|---|---|
| Title | ***Maha Elregragui Moqaddem v. Albert Gregory Pinto, et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS— ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE STAYED IN LIGHT OF CONCURRENT STATE COURT PROCEEDINGS**

On July 12, 2021, Albert Gregory Pinto filed a complaint in Los Angeles County Superior Court against Maha Elregragui Moqaddem, also known as Maha Visconti, asserting state law tort claims (the "State Court Action"). [*See* Doc. # 6.] On February 18, 2022, Moqaddem filed an action, also in Los Angeles County Superior Court, asserting state law tort claims against Pinto (the "Federal Action"). [Doc. # 1-1.] On March 18, 2022, Pinto removed the action to this Court, invoking this Court's diversity jurisdiction. [Doc. # 1.]

Although the Court has been aware since March 20, 2022 of the existence of Pinto's state court claims against Moqaddem, on January 13, 2023, the Court became aware that the Superior Court recently ruled on a motion to strike or dismiss claims identical to those asserted here, which Moqaddem has asserted as Cross-Claims in the State Court Action. [*See* Doc. # 120.]

In general, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But in "exceptional circumstances," federal district courts may stay federal actions where a parallel state court proceeding is pending pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), "in the interest of wise judicial administration." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021). In light of the parties' active litigation of the State Court Action, the parties are **ORDERED** to show cause why this action should not be stayed pending resolution of the parallel state court action.

In this circuit, district courts weigh eight factors in determining whether to stay an action under *Colorado River*:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-1808-DMG (JEMx)** | Date | January 19, 2023 |
| Title | *Maha Elregragui Moqaddem v. Albert Gregory Pinto, et al.* | Page | 2 of 2 |

(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011). Because the first two factors appear not to apply in this case (since there is no real property at stake in this action and both the state and federal forums are located in Los Angeles), the parties should focus on the remaining six factors in their response.

The parties shall file their responses by **February 2, 2023**. By the same date, Pinto is further **ORDERED** to provide this Court with a copy of the order issued by the Superior Court resolving his motion to strike and dismiss, if any.

**IT IS SO ORDERED.**